UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SETH DICKISON, JR.,

      Petitioner,

v.                                                                Case No. 3:13cv590/LC/CJK

JULIE L. JONES,[1]

      Respondent.

_____/

ORDER and
REPORT AND RECOMMENDATION

Before the court is an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 7) with supporting memorandum (doc. 6).  Respondent filed an answer, submitting relevant portions of the state court record (doc. 19).  Petitioner replied (doc. 26).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District

_____

[1]Julie  L. Jones succeeded Michael D. Crews as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent.  Fed. R. Civ. P. 25(d).

Courts.  The undersigned further concludes that the pleadings and attachments before the court show that petitioner is not entitled to federal habeas relief, and that the amended petition should be denied.

## BACKGROUND AND PROCEDURAL HISTORY

On December 10, 2009, petitioner was charged in Escambia County Circuit Court Case No. 09-CF-5434, with driving under the influence (DUI) manslaughter. (Doc. 19, Ex. B, pp. 1, 3).[2]  Petitioner went to trial.  (Exs. C-E).  The State presented evidence that petitioner drove his vehicle over the center line into an oncoming motorcycle driven by Andrew Helber; that Helber unsuccessfully attempted to avoid petitioner's vehicle; that petitioner's vehicle crashed into Helber's motorcycle, killing him; that petitioner smelled strongly of alcohol, had blood shot, watery eyes, slurred his speech, swayed heavily when standing and walking, and was belligerent toward law enforcement and first responders; that petitioner failed field sobriety tests administered at the scene; that petitioner's blood, which was drawn at the scene, measured 0.176 grams of ethyl alcohol per 100 milliliters of blood; and that petitioner's blood-alcohol level measured by Breathalyzer some four hours after the

---

[2]All references to exhibits are to those provided at Doc.19, unless otherwise noted.  If a cited page has more than one page number, the court cites to the page number appearing at the bottom center of the page.

crash was 0.137 and 0.128 grams of alcohol per 210 liters of breath.  (Exs. C-D).

Petitioner's defense was that he was avoiding a deer in his path.  (Ex. D, pp. 349-

367).  The jury found petitioner guilty as charged.  (Ex. B, p. 61).  By judgment

rendered May 6, 2010, petitioner was adjudicated guilty and sentenced to 15 years

imprisonment with a 4-year mandatory minimum.  (Ex. B, pp. 63-69).  The Florida

First District Court of Appeal (First DCA) affirmed the judgment on April 8, 2011,

per curiam and without a written opinion.  *Dickison v. State*, 59 So. 3d 111 (Fla. 1st

DCA 2011) (Table) (copy at Ex. H).

On June 24, 2011, petitioner filed a *pro se* motion to reduce, mitigate or modify

sentence under Florida Rule of Criminal Procedure 3.800(c).  The state circuit court

denied relief on July 1, 2011.  (Ex. K).

On March 23, 2012, petitioner filed a *pro se* motion for postconviction relief

under Florida Rule of Criminal Procedure 3.850.  (Ex. L, pp. 1-14).  The motion was

stricken as facially insufficient with leave to amend.  (Ex. L, pp. 15-16).  Petitioner

filed an amended motion on May 7, 2012.  (Ex. L, pp. 17-37).  The state circuit court

summarily denied relief without an evidentiary hearing.  (Ex. L, pp. 38-149).  The

First DCA affirmed, per curiam and without a written opinion. *Dickison v. State*, 110

So. 3d 443 (Fla. 1st DCA 2013) (Table) (copy at Ex. M).  The mandate issued April 30, 2013.  (Ex. N).

On April 23, 2013, petitioenr filed a *pro se* state habeas petition alleging ineffective assistance of appellate counsel.  (Ex. O).  The First DCA denied the petition on the merits, on May 22, 2013.  *Dickison v. State*, 116 So. 3d 1266 (Fla. 1st DCA 2013) (Table) (copy at Ex. Q).  Petitioner's motion for rehearing and reconsideration was denied on July 15, 2013.  (Ex. S).

Also on April 23, 2013, petitioner filed another *pro se* motion for postconviction relief under Fla. R. Crim. P. 3.850.  (Ex. T, pp. 1-16).  The state circuit court dismissed the motion with prejudice as successive.  (Ex. T, pp. 17-39).  The First DCA affirmed, per curiam and without a written opinion.  *Dickison v. State*, 122 So. 3d 371 (Fla. 1st DCA 2013) (Table) (copy at Ex. W).  The mandate issued October 25, 2013.  (Ex. Z).

Petitioner filed his original federal habeas petition in this court on November 14, 2013 (doc. 1), which he later amended (doc. 7).  The amended petition raises four claims of ineffective assistance of trial counsel.  Respondent asserts that petitioner's claims fail for one or more of the following reasons:  (1) the claim is procedurally defaulted; (2) the state court's rejection of the claim was neither contrary to, nor an

unreasonable application of, clearly established federal law, and did not involve an unreasonable determination of the facts.  (Doc. 19).

## PETITIONER'S CLAIMS

Ground One          "Trial counsel was ineffective for going to trial without a viable trial strategy, failure to seek a plea offer and failure to seek a downward mitigated departure sentence."  (Doc. 7, p. 5).

Petitioner alleges the following facts to support this claim:

Even though there was evidence establish[ing] that Petitioner was driving under the influence of alcohol, limiting the possible defenses at trial, there was ample evidence supporting a request for a plea offer and a downward mitigated sentence such as the Petitioner's psychiatric treatment, being under effect of prescribed medication, minimum criminal history, etc.

(Doc. 7, p. 6).  Petitioner asserts he exhausted this claim by raising it in his first Rule 3.850 motion.  (Doc. 7, pp. 6-7).  Respondent argues that petitioner is not entitled to federal habeas relief, because the state court's rejection of the claim was not contrary to, or an unreasonable application of, clearly established federal law, nor was the state court's decision based on an unreasonable determination of the facts.  (Doc. 19, pp. 11-13).

A.    Section 2254 Standard of Review

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death

Penalty Act of 1996 (AEDPA).  Pub. L. 104-132, § 104, 110 Stat. 1214, 1218-19.

Section 2254(d) provides, in relevant part:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2011).

The United States Supreme Court explained the framework for § 2254 review

in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[3]  The

appropriate test was described by Justice O'Connor as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant

---

[3]Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367-75, 390-99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and – except as to the footnote – Scalia) in part II (529 U.S. at 403-13).  The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412-13 (O'Connor, J., concurring).

Employing the *Williams* framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a state court proceeding, the federal court must first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The law is "clearly established" only when a Supreme Court holding at the time of the state court decision embodies the legal principle at issue. *Thaler v. Haynes*, 559 U.S. 43, 47, 130 S. Ct. 1171, 175 L. Ed. 2d 1003 (2010); *Bowles v. Sec'y for Dep't of Corr.*, 608 F.3d 1313, 1315 (11th Cir. 2010).

After identifying the governing legal principle(s), the federal court determines whether the state court adjudication is contrary to the clearly established Supreme Court case law. The adjudication is not contrary to Supreme Court precedent merely because it fails to cite to that precedent. Rather, the adjudication is "contrary" only if either the reasoning or the result contradicts the relevant Supreme Court cases.

*Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) ("Avoiding th[e] pitfalls [of § 2254(d)(1)]  does not require citation to our cases – indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them.").  If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim.  *See Panetti v. Quarterman*, 551 U.S. 930, 954, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007).

If the state court decision is not contrary to clearly established federal law, the federal habeas court next determines whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases.  The federal court defers to the state court's reasoning unless the state court's application of the legal principle(s) was "objectively unreasonable" in light of the record before the state court.  *Williams*, 529 U.S. at 409; *see Holland v. Jackson*, 542 U.S. 649, 652, 124 S. Ct. 2736, 159 L. Ed. 2d 683 (2004) (per curiam); *cf. Bell v. Cone*, 535 U.S. 685, 697 n.4, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).  An objectively unreasonable application of federal law occurs when the state court "identifies the correct legal rule from Supreme Court case law but

unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001).

The United States Supreme Court emphasized recently:

> When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong.  Federal habeas review thus exists as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington*, supra, at 102-103, 131 S. Ct. 770 (internal quotation marks omitted).

*Woods v. Donald*, — U.S. —, 135 S. Ct. 1372, 1376, 191 L. Ed. 2d 464 (2015).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   28 U.S.C.  §  2254(d)(2).   As with the "unreasonable application" clause, the federal court applies an objective test. *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (holding that a state court decision based on a factual determination "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding.").   The "unreasonable determination of the facts" standard is

implicated only to the extent the validity of the state court's ultimate conclusion is premised on unreasonable fact finding. *See Gill v. Mecusker*, 633 F.3d 1272, 1292 (11th Cir. 2011).

When performing review under § 2254(d), the federal court presumes that all factual determinations made by the state court are correct. 28 U.S.C. § 2254(e)(1). The petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.*; *see, e.g., Miller-El*, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence"). Neither the Supreme Court nor the Eleventh Circuit has interpreted how § 2254(d)(2) and § 2254(e)(1) interact in the context of fact-based challenges to state court adjudications. *Cave v. Sec'y for Dep't of Corr.*, 638 F.3d 739 (11th Cir. 2011). However, the Eleventh Circuit recently declined to grant habeas relief under § 2254(d)(2) in the context of a state appellate court's summary affirmance, where it found that the validity of the state court decision was not premised on the trial court's unreasonable fact finding, and that the petitioner failed to demonstrate "by clear and convincing evidence that the record

reflect[ed] an insufficient factual basis for affirming the state court's decision." *Gill*, 633 F.3d at 1292.

Only if the federal habeas court finds that the petitioner satisfied AEDPA and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See Panetti*, 551 U.S. at 954. Even then, the writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). "If this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011).

B.     Clearly Established Federal Law

In *Strickland v. Washington*, 466 U.S. 688, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set out a two-part inquiry for ineffective assistance of counsel claims. The petitioner must show that (1) his counsel's performance was constitutionally deficient, and (2) the deficient performance prejudiced him. *Id.*, 466 U.S. at 687. "First, petitioner must show that 'counsel's representation fell below an objective standard of reasonableness. Second, petitioner must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different.'"  *Darden v. Wainwright*, 477 U.S. 168, 184, 106 S. Ct. 2464, 91 L. Ed. 2d 144 (1986) (*quoting Strickland*, 466 U.S. at 668, 694).

Trial "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.  "To overcome that presumption, a defendant must show that counsel failed to act reasonably considering all the circumstances." *Cullen v. Pinholster*, 563 U.S. 170, 131 S. Ct. 1388, 1403, 179 L. Ed. 2d 557 (2011) (quotation marks and alterations omitted).  "Judicial scrutiny of counsel's performance must be highly deferential," and courts should make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.  "[T]he absence of evidence cannot overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Burt v. Titlow*, — U.S. —, 134 S. Ct. 10, 17, 187 L. Ed. 2d 348 (2013) (quotation marks and alterations omitted).

With regard to prejudice, the *Strickland* court emphasized that a defendant must show a "reasonable probability" of a different result.  A reasonable probability is one that sufficiently undermines confidence in the outcome.  *Strickland*, 466 U.S.

at 694.   "The likelihood of a different result must be substantial, not just conceivable."  *Richter*, 562 U.S. at 112.

C.     Section 2254(d) Review of State Courts' Decision

In ground four of his amended Rule 3.850 motion, petitioner asserted that he knew he had no defense, that he informed counsel he was interested in a plea offer, and that he repeatedly asked counsel to negotiate a plea bargain for him.  (Ex. L, pp. 28-32).  Counsel allegedly responded that he had a good trial strategy.  (*Id*., p. 28). Petitioner's postconviction claim concluded that "had trial counsel fought for a plea negotiation, rather than[ ] taking defendant's case to trial without a viable defense, the defense could have established competent substantial evidence that would have shown defendant's history of mental health therapy and psychotropic medication treatment[,] [thereby supporting] a downward departure sentence."  (Ex. L, pp. 29, 30).

The state courts denied petitioner's claim on the merits.  (Ex. L, pp. 44-46). The state circuit court's written order, which is the last reasoned decision rejecting petitioner's claim, began by correctly identifying and explaining the *Strickland* standard as the governing law.  (Ex. L, p. 39).  The court denied relief on this claim as follows:

## Ground Four: a) trial counsel failed to negotiate a plea agreement and had a deficient trial strategy; b) counsel failed to present mitigating factors at sentencing to support a downward departure sentence.

a) Defendant claims that he asked his trial counsel to try to negotiate a plea offer with the state, but that counsel refused and advised defendant that counsel had a "good trial strategy that he could pursue in order to win the case."

In Morgan v. State, the Court held that defendants are entitled to relief when they allege and prove three factors: "(1) counsel failed to convey a plea offer or misinformed the defendant concerning the possible sentence he faced, (2) the defendant would have accepted the plea but for counsel's failures, and (3) acceptance of the plea would have resulted in a lesser sentence than was ultimately imposed." 991 So. 2d at 839-40.  In that case, the defendant claimed that his trial counsel was ineffective for urging him to reject a plea offer because counsel felt that the defendant would be acquitted at trial.  Ultimately, after trial, the defendant received a longer sentence than he would have received if he had accepted the plea deal.  However, the Court found that this was not deficient performance on counsel's part.  The fact that Morgan did not prevail at trial did not automoatically translate into misadvice.

Moreover, advising a client to reject a plea offer because counsel believes that he or she "could win at trial," does not establish a legally sufficient ineffective assistance of counsel claim.  Rather, to state a legally sufficient claim on such grounds some specific defeiciency on the part of counsel must be alleged, that is, that "counsel's assessment of the chances of success at trial was unreasonable under the circumstances of this case or that counsel had not investigated or otherwise was not familiar with the case."  Millan v. State, 55 So. 3d 694, 696 (Fla. 3d DCA 2011) quoting Garcia v. state, 21 So. 3d 30, 34 (Fla. 3d DCA 2009).

In the instant case, Defendant's claim is legally insufficient pursuant to <u>Morgan</u>, because Defendant does not allege that a plea offer existed.  Defendant cannot demonstrate that he was prejudiced by counsel failing to pursue a plea offer if one was not available.FN9 Additionally, although Defendant finds fault with counsel's trial strategy, he does not explain specifically how counsel could have represented a better or successful defense.FN10 Accordingly, Defendant's claim fails.

> FN9 Defendant does not allege that he would have been willing to enter a plea "straight up" to the Court.

> FN10 Counsel argued at trial that Defendant swerved to avoid hitting a deer, which caused the "head-on" crash with the victim, who was riding a motorcycle.  <u>See</u> Attachment 3 at pp. 172-173, 325-328.

b) Defendant claims that counsel should have argued at his sentencing that a downward departure sentence would be appropriate based on Defendant's "mental disorder unrelated to alcohol addiction," although he also notes that he has the "potential to reverse his prior life of alcoholism."  Additionally, Defendant alleges that counsel should have argued that this was an isolated incident committed in an unsophisticated manner, for which Defendant exhibited extreme remorse.

Defendant has not presented any evidence that demonstrates that it would have been appropriate for the Court to sentence him to a downward departure sentence.  During the trial, Defendant testified that he was being treated by a psychiatrist for "clinical depression, anxiety and sleep apnea."  Accordingly, the Court was aware of Defendant's psychiatric problems.  Furthermore, Defendant had a previous conviction for DUI, indicating that the offense was not an isolated instance, and he was also apparently on probation at the time of the offense for two other felony convictions – possession of a controlled substance and possession of methampetamine.  Finally, even if

Defendant may have eventually become remorseful, his behavior immediately after the crash appeared unremorseful.  Counsel did not have a valid basis to argue these factors in mitigation, and even if he would have, such an argument would not have been successful.  "The likelihood of a different result must be substantial, not just conceivable."  Harrington v. Richter, 131 S. Ct. 770, 792 (2011).  Therefore, Defendant is not entitled to relief on this claim.

(Ex. L, pp. 44-46)) (footnotes 11 and 12 citing attached portions of trial transcript omitted).  The First DCA summarily affirmed.  (Ex. M).

Section 2254(d)(2) provides no basis for relief, because the state court's factual findings are amply supported by the record.  Petitioner has not shown that "no 'fairminded jurist' could agree" with the state court's factual determinations.  *See Holsey v. Warden, Ga. Diagnostic Prison*, 694 F.3d 1230, 1257 (11th Cir. 2012); *Landers v. Warden, Attorney Gen. of Ala.*, 776 F.3d 1288, 1294 (11th Cir. 2015) (reiterating that standard as the test for evaluating the reasonableness of a state court's decision under § 2254(d)(2)).  Petitioner also has not satisfied § 2254(d)(1)'s "contrary to" or "unreasonable application" standard.

As to counsel's failure to negotiate a plea bargain, the Supreme Court has held that "there is no constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to trial."  *Weatherford v. Bursey*, 429 U.S. 545, 561, 97 S. Ct. 837, 51 L. Ed. 2d 30 (1977).  Petitioner has not presented any facts remotely suggesting

the prosecutor made a plea offer, or was even open to plea bargaining; thus, he fails to show a reasonable probability his case would have been resolved by a plea and sentence of less than 15 years had counsel approached the State about a plea offer. As petitioner wholly fails to establish a reasonable probability counsel's failure to approach the prosecutor about a plea affected the outcome of his case, this aspect of his claim fails.  *See Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985) (holding that to meet the prejudice prong of *Strickland* in a plea situation, petitioner must establish that "counsel's constitutionally ineffective performance affected the outcome of the plea process.").

As to counsel's alleged failure to present factors at sentencing to support a downward departure sentence, given the state court's factual findings, fairminded jurists can concur with the state courts' conclusion that petitioner failed to establish deficient performance and prejudice under *Strickland*.  Petitioner is not entitled to federal habeas relief on Ground One.

C.    Petitioner's Additional Claim in His Reply

Petitioner attempts to raise a new ineffective assistance claim in  his reply. Contrary to the assertions in his amended petition, petitioner now asserts he <u>did</u> have a viable defense – involuntary intoxication – which counsel planned to present at

trial; however, on the day of trial, counsel confessed to petitioner he could not present the defense because he forgot to depose petitioner's psychiatrist.  (Doc. 26, p. 2). Petitioner's attempt to raise a new claim in a reply is not authorized by the applicable rules.  Petitioner was required to state all of his claims in his petition.  *See* Rule 2(c) of the Rules Governing Habeas Corpus Cases Under Section 2254 ("The petition must: (1) specify all the grounds for relief available to the petitioner[.]").  Petitioner did not raise this claim in his amended petition, did not seek leave to amend his amended petition to add this claim, and is barred from raising it in his reply.  *See Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338 (11th Cir. 2005) (arguments raised for the first time in a reply brief are not properly before a reviewing court); *United States v. Whitesell*, 314 F.3d 1251, 1256 (11th Cir. 2002) (court need not address issue raised for the first time in a reply brief).

Petitioner fares no better even were this court to interpret his reply as an attempt to file a second amended petition.  The issue of whether a petitioner may amend a habeas petition by making new claims in a reply has been previously addressed by this court.  *See Ash v. McNeil*, No. 4:08cv215/RH/GRJ, 2011 WL 4102771 at *5 (N.D. Fla. July 19, 2011), *Report and Recommendation adopted*, 2011 WL 4103121 (N.D. Fla. Sept. 14, 2011); *Smith v. Buss*, No. 3:09cv278/MCR/EMT,

2011 WL 818157 at *2 (N.D. Fla. Feb. 4, 2011), *Report and Recommendation adopted*, 2011 WL 810017 (N.D. Fla. Feb. 28, 2011).  In *Ash* and *Smith*, this court determined that a petitioner cannot assert new claims in a reply where he has not obtained consent from the respondent or requested leave to amend, *see* Fed. R. Civ. P. 15, and where the new claims are time barred under 28 U.S.C. § 2244.  Like the petitioners in *Ash* and *Smith*, petitioner here did not receive consent from respondent or leave of court to amend his first amended petition.

Even had petitioner sought leave to amend, such leave would have been denied, because the one-year limitations period expired prior to the time petitioner asserted this new claim.[4]  To be considered timely, petitioner's new claim must satisfy the "relation back" principles of Rule 15.  *See* Fed. R. Civ. P. 15(c); *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000).  A new claim "will relate back and be considered timely if [it] 'arose out of the conduct, transaction, or occurrence' set forth in his original" habeas petition.  *Davenport*, 217 F.3d at 1344.  For relation back to apply, the untimely claim must "have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceeding."

---

[4]Petitioner's filing of his federal habeas petition on November 14, 2013, did not toll § 2244(d)(1)'s limitations period. *Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001) (holding that a federal habeas petition does not toll § 2244(d)(1)'s limitations period).  Thus, petitioner's reply, filed on February 17, 2015, is clearly outside the one-year limitations period.

*Id*.  Rather, the untimely claim "must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'"  *Id*.  Rule 15(c) is not "so broad as to allow an amended pleading to add an entirely new claim based on a different set of facts."  *Pruitt v. United States*, 274 F.3d 1315, 1318 (11th Cir. 2001).  Thus, while the rule "contemplates that parties may correct technical deficiencies or expand facts alleged in the original pleading, it does not permit an entirely different transaction to be alleged by amendment."  *Pruitt*, 274 F.3d at 1318.

Petitioner's new ineffective assistance claim stems from separate conduct and facts – counsel's failure to prepare and present an involuntary intoxication defense – apart from counsel's failure to attempt to negotiate a plea bargain or failure to present evidence at sentencing to support a downward departure sentence.  Petitioner is foreclosed from bringing this new, time-barred ineffective assistance claim in his reply.[5]  This conclusion is not inconsistent with the Eleventh Circuit's view.  *See*

---

[5]Another basis for denying leave to amend would be procedural default.  When petitioner presented this new proposed claim to the state courts in his second Rule 3.850 motion, the circuit court dismissed the motion under state procedural rules as impermissibly successive, and the appellate court affirmed.  (Doc. 19, Ex. T).  Petitioner's procedural default in his second state collateral review proceeding would not be excused by the *Martinez v. Ryan* equitable rule.  *See Martinez v. Ryan*, — U.S. —, 132 S. Ct. 1309, 182 L. Ed. 2d (2012) (establishing an equitable rule whereby a federal habeas petitioner may establish cause, in narrow circumstances, to excuse the procedural default of an ineffective assistance of trial counsel claim asserted in a <u>first</u> initial-review collateral proceeding).

*generally Williams v. Fla. Dep't of Corr*., 391 F. App'x 806, 810-811 (11th Cir. 2010) (holding that a district court is required to consider claims raised in a reply only if the State was "on notice" of the claim and the reply merely asserted "facts that served to clarify" a prior claim).  The court will not consider petitioner's new claim raised in his reply.

Ground Two         "Trial counsel was ineffective for allowing the presentation of testimony irrelevant to the crime which alluded to petitioner['']s bad character and propensity."  (Doc. 7, p. 7).

    This claim involves the testimony of defense witness Terry Jackson.  Ms. Jackson testified that she was employed as a bartender; that she was tending bar on the night in question; and that petitioner was a patron at the bar.  Relevant to petitioner's claim, Ms. Jackson testified on direct examination by defense counsel that she did not serve petitioner that evening, but observed another bartender serve petitioner a beer; that petitioner did not appear intoxicated or impaired at the time she observed him at 5:40 p.m.; that the only alcohol she observed petitioner drink was half a beer; that when the other bartender asked petitioner to pay for his beer he responded that he did not have any money; and that petitioner took money from a woman sitting next to him to pay for his beer.  (Ex. D, pp. 344-345).  On cross-examination, the prosecutor asked Ms. Jackson about her statement concerning the beer payment.  Ms. Jackson responded, in relevant part: "[S]he [the female patron]

came down to my side of the bar and said that man [petitioner] just took – that guy just took my money and I don't know him and I don't want to pay for his beer." (Ex. D, p. 348). Ms. Jackson also clarified that while petitioner did not appear impaired at 5:40 p.m., she did not know whether petitioner was impaired later in the evening. (Ex. D, p. 349). Subsequent to Ms. Jackson's testimony, petitioner testified that the female patron Jackson referenced gave him permission to use her money to pay for his beer. (Ex. D, p. 351). Petitioner affirmed: "I didn't take her money. I wouldn't do that." (*Id*.).

Petitioner now asserts that Jackson's testimony concerning the beer payment is irrelevant bad character evidence, and that counsel should not have allowed it (presumably by requesting that it be stricken). (Doc. 7, pp. 7-8). Petitioner asserts he raised this claim in his Rule 3.850 proceeding (*id*., p. 8), but also asserts he did not exhaust his state remedies because he lacked the assistance of counsel during the preparation of his postconviction pleadings. (*Id*.).

Respondent asserts a procedural default defense, arguing that petitioner never presented this claim to the state courts and is raising it for the first time here. (Doc. 19, p. 14). Respondent argues petitioner is not entitled to the equitable exception established by *Martinez v. Ryan*, because (1) he did not request counsel in his Rule 3.850 proceeding and (2) he has not established that his claim is a substantial one,

because he essentially faults trial counsel for failing to object to Jackson's testimony on cross-examination, but defense counsel had no basis to object because he invited the explanation about the beer payment. (*Id*., pp. 14-16) (*see Martinez v. Ryan, supra*, note 5). Petitioner's reply does not address the issue further. (Doc. 26).

A.      Exhaustion and Procedural Default

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all available state court remedies for challenging his conviction, 28 U.S.C. § 2254(b)(1),[6] thereby giving the state the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*quoting Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). The petitioner

---

[6]Section 2254 provides, in pertinent part:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

        (A)  the applicant has exhausted the remedies available in the courts of the State; or

        (B) (i)  there is an absence of available State corrective process; or

            (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

"must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Picard*, 404 U.S. at 277-78. A claim that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review. *O'Sullivan*, 526 U.S. at 839-40, 848, 119 S. Ct. 1728; *Hittson v. GDCP Warden*, 759 F.3d 1210, 1260 n.56 (11th Cir. 2014) ("Where a return to state court would be futile – because the petitioner's claims would clearly be barred by state procedural rules – a federal court can 'forego the needless judicial ping-pong' and treat unexhausted claims as procedurally defaulted." (*quoting Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998))); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (holding that federal habeas courts should enforce applicable state procedural bars even as to claims that were never presented to the state courts).

A petitioner seeking to overcome a procedural default must show cause and prejudice, or a fundamental miscarriage of justice. *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*,

499 U.S. 467, 497, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (*quoting Murray v. Carrier*,

477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)).  The miscarriage of

justice exception requires the petitioner to show that "a constitutional violation has

probably resulted in the conviction of one who is actually innocent."  *Schlup v. Delo*,

513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995).  "To establish the

requisite probability, the petitioner must show that it is more likely than not that no

reasonable juror would have convicted him."  *Schlup*, 513 U.S. at 327.  Further:

> a substantial claim that constitutional error has caused the conviction of
> an innocent person is extremely rare.  To be credible, such a claim
> requires [a] petitioner to support his allegations of constitutional error
> with new reliable evidence – whether it be exculpatory scientific
> evidence, trustworthy eyewitness accounts, or critical physical evidence
> – that was not presented at trial.

*Id*.

The record establishes that petitioner did not present this claim to the state

courts in any of his postconviction proceedings.  As an attempt to return to state court

to present this claim would be barred by state procedural rules, *see* Fla. R. Crim. P.

3.850(b) (imposing a 2-year time limitation); Fla. R. Crim. P. 3.850(h) (authorizing

the dismissal of successive motions), the claim is considered procedurally defaulted

on federal habeas review.  Petitioner has made none of the requisite showings to

excuse his default.  Petitioner's attempt to invoke *Martinez*'s equitable exception

fails, because petitioner has not shown his ineffective assistance claim "is a substantial one", *Martinez*, 132 S. Ct. at 1318.  The *Martinez* Court referenced the standard articulated in *Miller-El v. Cockrell*, 537 U.S. 322, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003), as an appropriate gauge for determining the substantiality of a claim.  *Martinez* at 1318.  Under *Miller-El*, a petitioner must show "that the issues presented were adequate to deserve encouragement to proceed further." *Id.*, 537 U.S. at 336 (internal quotations marks and citation omitted).

Petitioner's ineffective assistance claim is not arguably meritorious.  Given the overwhelming evidence of petitioner's guilt of DUI manslaughter, there is no reasonable probability the jury's verdict would have been different had it not heard Ms. Jackson's testimony about the beer payment.  Petitioner's claim provides no basis for federal habeas relief.

<u>Ground Three</u>        "<u>Trial counsel was ineffective for failing to depose and call Dr. Rosecrans as a defense witness.</u>"  (Doc. 7, p. 9).

Petitioner faults trial counsel for failing to call his psychiatrist, Dr. Rosecrans, as a defense witness.  Specifically, petitioner alleges:

> Dr. Rosecrans was the Veterans Administration Psychiatric doctor who prescribed to Petitioner the Zoloft, Klonopin, and Ambien, thus she would have proffered testimony indicating the effect of mixing medication with alcohol and the effect upon the Petitioner.  The Petitioner was prescribed the medication on Friday afternoon.  The accident happened on Saturday night.  The Petitioner waited the four

> hours given as the timeframe not to drink alcohol and medication.  Thus,
> Petitioner had no experience with the side effects of the medication.
> Further, Dr. Rosecrans would have been able to give insight as to
> petitioner's behavior during and after the accident. . . .

(Doc. 7, pp. 9-10).  Petitioner concedes he has not presented this claim to the state

courts.  (Doc. 7, p. 10).  Petitioner explains that he lacked the assistance of counsel

during the preparation of his postconviction pleadings.  (*Id*.).

Respondent asserts a procedural default defense and argues that petitioner has

not established the requisite cause and prejudice, even in light of *Martinez*, because

his claim is insubstantial.  (Doc. 19, pp. 16-18).  Respondent is correct.

Petitioner faults trial counsel for failing to present evidence of his prescribed

medications and the effect of mixing alcohol with that medication.  Petitioner alleges

he waited four hours after taking the medication, which is the prescribed time frame

for avoiding an adverse effect from mixing them.  Counsel was not deficient for

failing to elicit Dr. Rosecrans' proposed testimony, because it was not relevant –

petitioner was not under the influence of the medication, or a mixture of alcohol and

medication, at the time of the crash.  The State's expert testified that petitioner's

blood sample taken at the scene of the accident revealed a blood alcohol content of

0.176 grams of alcohol per 100 milliliters of blood (Ex. D, p. 257) and that "there

were no drugs identified" in the sample.  (Ex. D, p. 259).  The State's expert went on

to clarify that petitioner's blood did test positive for one certain class of drugs, but

that the level was so low it did not meet FDLE's requirement/threshold for further

testing or reporting.  (Ex. D, pp. 260-61).  As petitioner has not presented a

substantial claim of deficient performance and prejudice under *Strickland* for failing

to present the proposed testimony, Ground Three provides no basis for federal habeas

relief.

Ground Four          "Trial counsel was ineffective for not objecting to the giving of
                     the Justifiable and Excusable Homicide Jury Instructions, the
                     final cumulative error that prejudiced the Petitioner's defense."
                     (Doc. 7, p. 11).

        Petitioner's final claim is that counsel was ineffective for failing to object to

the jury instructions.  Petitioner alleges:

        Trial Counsel failed during pretrial motions to have the Justifiable
        and Excusable Homicide Jury Instructions removed.  The Prejudicial
        Jury Instructions are read for 1st through 3rd degree murder and
        manslaughter not including D.U.I. Manslaughter.  The aforementioned
        Jury Instructions are to be read when there is a causation/negligence
        involve[d].  D.U.I. Manslaughter has no causation/negligence as Florida
        has excluded that and states that only deviation or lack of care on the
        part of the driver will suffice.  Petitioner throughout the jury trial and
        through testimony of arresting officer stated that the Petitioner was
        avoiding an obstacle in the roadway (a deer) which ultimately led to
        petitioner losing control of his vehicle.  When Justifiable and Excusable
        Homicide Jury Instructions were read to the jury it prejudiced the
        Petitioner by not allowing the jury to exercise their pardon power.

(Doc. 7, p. 11).  Petitioner asserts he raised this claim in his state habeas petition. (*Id*., p. 12).

Respondent asserts this claim is procedurally defaulted, because petitioner never raised an ineffective-assistance-of-trial-counsel claim for failing to object to the jury instructions.   Although petitioner raised, in his state habeas petition, an ineffective-assistance-of-*appellate*-counsel claim for appellate counsel's failure to argue on direct appeal that the trial court erred in giving the justifiable and excusable homicide instructions, the two claims are not the "same claim" for exhaustion purposes.  (Doc. 19, pp. 18-19).  Respondent argues that petitioner fails to meet the cause and prejudice standard, because he has not shown his present ineffective assistance of trial counsel claim is a substantial one.  (*Id*., pp. 19-20).

Petitioner states in his reply that he "raised what he thought was the same claim" in his state habeas petition when he claimed appellate counsel was ineffective for failing to challenge the jury instructions on direct appeal, and that if this court "sees these two claims as wholy [sic] different", he relies on the *Martinez* exception. (Doc. 26, pp. 6-7).

This court need not resolve the exhaustion issue, because whether construed as an ineffective assistance of trial counsel claim or an ineffective assistance of appellate counsel claim, petitioner's claim fails under *Strickland*'s prejudice prong,

even on *de novo* review. Petitioner cannot show there is a reasonable probability he would not have been found guilty of DUI manslaughter had the jury <u>not</u> been instructed on justifiable and excusable homicide. Nor can petitioner demonstrate a reasonable probability of a different outcome on direct appeal had appellate counsel challenged the instructions. Petitioner's Ground Four provides no basis for federal habeas relief.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

The clerk shall change the docket to reflect that Julie L. Jones has been substituted as respondent in this cause.

And it is respectfully RECOMMENDED:

1. That the amended petition for writ of habeas corpus (doc. 7), challenging the judgment of conviction and sentence in *State of Florida v. Seth Dickison, Jr.*, Escambia County Circuit Court Case No. 09-CF-5434, be DENIED, and the clerk be directed to close the file.

2. That a certificate of appealability be DENIED.

At Pensacola, Florida this 8th day of February, 2016.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.    A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th CIR. R. 3-1; 28 U.S.C. § 636.